**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **RAYNARD WALTON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )　　No. 4:05-CV-973-TCM |
| | ) |
| **JENNIFER JOYCE,** | ) |
| | ) |
| **Respondent.** | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon petitioner Raynard Walton's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1].

**The petition**

Petitioner, an inmate at the St. Louis City Justice Center, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 against respondent Jennifer Joyce. Petitioner alleges that he was arrested on November 23, 2002, on charges of burglary second degree, possession of a controlled substance and possession of burglary tools. He states that he was released and then rearrested on October 9, 2003. Petitioner asserts that he has been denied a speedy trial in violation of the Sixth Amendment and the due process and equal protection clauses of the Fourteenth Amendment. Petitioner states that his appeals to the Missouri Court of Appeals and the Missouri Supreme Court were denied. Petitioner seeks dismissal of all charges with prejudice.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of

_____

[1]The Court's records reflect that petitioner paid the $5.00 filing fee to initiate a habeas corpus action on June 20, 2005.

habeas corpus if it plainly appears that the petitioner is not entitled to relief.

Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris,* 401 U.S. 37, 45-46 (1971); *Bonner v. Circuit Court of the City of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir.1972) (per curiam).

Pretrial habeas petitions claiming violation of the defendant's right to a speedy trial have been permitted when the requested relief is an immediate trial, *see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490, 93 S.Ct. 1123, 1127 (1973); however, when the petitioner seeks dismissal of the charges against him, his habeas action must await the conclusion of state proceedings, *see Carden v. Montana,* 626 F.2d 82, 84-85 (9th Cir.1980). In *Braden*, the Supreme Court emphasized that "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." 410 U.S. at 493, 93 S.Ct. at 1129.

A review of the instant petition indicates that it should be dismissed. The Court finds no extraordinary circumstances where the danger of irreparable harm is both great and immediate, such that the Court would be compelled to intervene in a pending state criminal matter. Moreover, petitioner does not seek an immediate trial but dismissal of the charges against him. Therefore, his habeas action must await the conclusion of state proceedings.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to the

respondent, because petitioner must await the outcome of the pending state prosecution before commencing his federal habeas corpus action.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

An appropriate order shall accompany this order and memorandum.

Dated this 2nd day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**